UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN A. HODGSON,

Plaintiff,

v.

CHRISTINE HODGSON,
KEVIN HODGSON,
MARTHA HODGSON LEE,
TERESA HODGSON,
DEBORAH A. BUSHNELL, and
JOHN DOE AND JANE DOE,

Defendants.

Civil No. 00-2102 (RHK/JMM)

ORDER

Plaintiff, a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota, recently commenced this action by filing a complaint, and paying the $150 filing fee required by 28 U.S.C. § 1914(a). Plaintiff's complaint was accompanied by a self-styled "Motion For Marshal Service," (Docket No. 3), which is now before the Court. Plaintiff contends that he is unable to effect service of process on the named Defendants for a variety of reasons, and he is therefore asking the Court to direct the U.S. Marshal to serve Defendants for him. Plaintiff's request presumably is made pursuant to Fed. R. Civ. P. 4(c)(2), which provides that:

> "At the request of the plaintiff... the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose."

The Court accepts Plaintiff's representation that he is unable to serve Defendants by himself, and his motion for marshal service will therefore be granted. The

FILED SEP 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Clerk of Court will be directed to issue a summons, and the Marshal will be directed to serve the summons and a copy of the complaint on the Defendants named in the caption of Plaintiff's complaint.

The Court notes, however, that Plaintiff has not been granted (or even applied for) leave to proceed in forma pauperis ("IFP") in this matter. Therefore, he is not entitled to marshal service at no cost. Plaintiff will have to pay the full cost of marshal service based on the rates customarily charged by the Marshal's Office. Moreover, the Marshal may require such costs to be paid before any attempt is made to serve the Defendants. Plaintiff will also have to provide the Marshal with a properly completed marshal service form (Form USM-285[1]), and a copy of his complaint, for each Defendant to be served.

The Court further notes that Plaintiff has filed a Motion For Writ of Attachment in this matter. (Docket No. 2.) That motion will not be addressed until after Defendants have been served, and personal jurisdiction over Defendants has been established. Plaintiff will be required to provide the Marshal with one copy of his attachment motion for each named Defendant, and the Marshal shall serve that motion with the summons and complaint.

Those Defendants upon whom service of process is effected will be required to respond to Plaintiff's complaint and the attached motion within the time limit prescribed by Fed. R. Civ. P. 12. A copy of this order shall also be served with the summons and complaint, so that Defendants will be apprised of their responsibility to

---

[1] Marshal service forms are available from the Clerk of Court upon request.

respond to both the complaint and the attachment motion.

Plaintiff is reminded that he is ultimately responsible for ensuring that service of process is completed within the time limit imposed by Fed. R. Civ. P. 4(m). If service is not completed within 120 days after the filing of the complaint, this action will be subject to summary dismissal (without prejudice).

Finally, it should be noted that Plaintiff's complaint has not been reviewed by the Court. (The screening requirements of 28 U.S.C. § 1915A do not apply here, because Plaintiff does not appear to be suing any governmental entity or employee; and the complaint is not subject to review under 28 U.S.C. § 1915(e)(2), because Plaintiff has not applied for IFP status.) Thus, the granting of Plaintiff's motion for marshal service is not based on any assessment of the adequacy or inadequacy of Plaintiff's claims. Defendants obviously will retain the right to raise such defenses in this action as they deem appropriate.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion For Marshal Service," (Docket No. 3), is GRANTED;

2. The Clerk of Court shall issue a summons;

3. The U.S. Marshal is directed to effect service of process on the named Defendants, if Plaintiff complies with any Marshal requirements for prepayment of the anticipated cost of service of process, which are consistent with customary rates and practices;

4. For each Defendant to be served, Plaintiff shall furnish the Marshal with (i) a properly completed marshal service form, (USM-285), (ii) a copy of the complaint, (iii) a copy of the motion for writ of attachment, and (iv) a copy of this Order;

5. A copy of the motion for writ of attachment and a copy of this Order shall be served with the summons and complaint; and

6. Those Defendants who are served shall file a written response to both the complaint and the motion for writ of attachment within the time period prescribed by Fed. R. Civ. P. 12.

Dated: September 27, 2000

JOHN M. MASON
United States Magistrate Judge