UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN ANDREW HODGSON,

CIVIL NO. 00-2102 (RHK/JMM)

Plaintiff,

v.

ORDER

CHRISTINE HODGSON, KEVIN HODGSON, MARTHA HODGSON LEE, TERESA HODGSON, DEBORAH BUSHNELL, JOHN DOE, and JANE DOE,

Defendants.

The above matter is before the undersigned upon Plaintiff's Motion for Writ of Attachment, [Docket No. 2], and for the establishment of a briefing schedule for Defendants' Motion to Dismiss [Docket No. 10].

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED

1. Plaintiff's Motion for Writ of Attachment [Docket No. 2] is denied.

2. Defendants shall file and serve their Motion to Dismiss and all supporting documents no later than February 5, 2001.

3. Plaintiff shall file and serve his response to Defendants' Motion to Dismiss no later than March 5, 2001.

4. Defendants, if they elect to file a reply, shall do so no later than March 19, 2001, at which time the Court will take the Motion to Dismiss under advisement.

Dated: January 10, 2001

JOHN M. MASON
United States Magistrate Judge

JAN 10 2001
FRANCIS E. DOSAL, CLERK

## MEMORANDUM

Plaintiff seeks a writ of attachment against Defendants pursuant to Fed. R. Civ. P. 64, which provides for pre-judgment seizure of property "in the manner provided by the law of the state in which the district court is held," subject to any governing federal statute. Plaintiff cites 28 U.S.C. §3102 as authority for the issuance of the writ. However, 28 U.S.C. §3102 applies only to attachment of property where the United States is the creditor, not in a case such as this where a private party has brought suit to recover an alleged debt. 28 U.S.C. § 3001. Neither does Plaintiff's Motion, even liberally construed, meet the requirements of Minnesota law for the issuance of a pre-judgment writ of attachment. See Minn. Stat. 570.01 *et seq.*

J.M.M.