UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN ANDREW HODGSON, CIVIL NO. 00-2102 (RHK/JMM)

Plaintiff,

v. ORDER

CHRISTINE HODGSON, KEVIN HODGSON, MARTHA HODGSON LEE, TERESA HODGSON, DEBORAH A. BUSHNELL, JOHN DOE, JANE DOE,

Defendants.

The above matter came before the undersigned upon various Motions of the parties, as noted in the Order below. Plaintiff is represented pro se; Defendants are represented by Richard W. Huffman, Esq. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order for the reasons set forth in the Memorandum

IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Reconsideration [Docket No. 13] is denied.

2. Plaintiff's Motion for Judicial Reassignment pursuant to the provisions of 28 U.S.C. § 455 [Docket No. 16] is denied.

3. Defendants' informal Motion for extension of time to file a Reply Memorandum is denied as moot.

4. Defendants' Motion for Sanctions, Memorandum and Affidavit [Docket Nos. 18, 19 and 20] are stricken, without prejudice.

Dated: March 9, 2001

JOHN M. MASON
United States Magistrate Judge

FILED MAR - 9 2001
CLERK
JUDGMENT
DEPUTY CLERK

**MEMORANDUM**

Local Rule 7.1(g) provides in relevant part that motions to reconsider "will be granted only upon a showing of compelling circumstances." Plaintiff has not shown those circumstances.

The Court declines to disqualify itself pursuant to the provisions of 28 U.S.C. § 455. The Court itself has a duty of "self-enforcement" of these provisions, and that duty is taken seriously. The parties are entitled to assurance that the Court will render an impartial decision, and that was done in this case. The Motion does not support a conclusion that there is any bias, and this Court has none. See Davis v. Comm'r of Internal Revenue, 734 F.2d 1302, 1303 (8th Cir. 1997); Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is") and cases cited therein; United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986).

There remains for determination the Defendants' Motion to Dismiss. Plaintiff's Complaint was served upon Defendants at the end of 2000 and the beginning of 2001. Defendant's first Motion to Dismiss was initially filed on January 8, 2001 as part of the Motion bearing Docket No. 10, but it was not supported by legal authority or Affidavit. On February 7, 2001, Defendants filed a "Notice of Motion and Motion to Dismiss Under F.R.C.P. 12(b)(1)(6) AND (7); 28 U.S.C. §1331 and §1332" that was accompanied by a Memorandum. [Docket Nos. 21 and 22]. The Memorandum makes eleven terse and generalized arguments, of which the first four provide illustrations:

> "1. To the Extent Plaintiff Asserts Issues Related to the Probate of the Hodgson Family Trust, No Federal Question or Diversity Jurisdiction is Present."

The Memorandum does not identify which paragraphs of the Complaint would be dismissed if Defendants were to prevail as to this argument. Defendants appear to concede that Plaintiff is a resident of Minnesota, and that all of the Defendants are residents of a state other than the State of Minnesota, but dispute that the amount in controversy exceeds $75,000. Legal analysis is not provided as to whether that fact may be determined on a Motion to Dismiss.

> "II. Analysis of the Complaint Reveals Plaintiff's Complaint Completely Fails to Comply With Even A Liberal Interpretation of Proper Pleading."

In this section, Defendants seem to analyze separate paragraphs, (but not the whole of Plaintiff's Complaint) and then assert the conclusion that each should be dismissed "under FRCP 12(1) and (6) as well as failure to comply with FRCP 8(a) and/ or 9(b)."

> "III. Plaintiff Has Failed to Join Indispensable Parties as Required Under FRCP 19(A)."

As to this section, Defendants conclude: "Plaintiffs failure to name the Trust and the other four Hodgson siblings violates FRCP 19(a) and will (and is) resulting [sic] in duplicitous, vexations and unnecessary litigation."

> "IV. Plaintiff Has No Standing To Assert Defamation Claims."

This argument is based upon the view that, as a matter of law, a person who has been convicted of murder may not assert a claim for defamation.

Plaintiff has filed a timely response to Defendants' Motion to Dismiss, but he has denominated it as a Motion to Dismiss Defendant's Rule 12 Motion and Motion for Sanctions. [Docket No. 24]. His response is accompanied by a Memorandum and an Affidavit. [Docket Nos. 25 and 26]. By letter dated March 8, 2001, counsel for Defendants "requests that the time limit to file a Reply Memorandum in the above entitled matter be

extended by the court to March 16, 2001." Counsel for Defendants has apparently overlooked the fact that the Order of this Court dated January 10, 2001, [Docket no. 14], required that the Reply be filed by March 19, 2001.

Defendants' Motion for Sanctions and related pleadings [Docket Nos. 18, 19 and 20] are stricken because it appears that they have been filed prematurely. That Motion seeks sanctions pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure. Rule 11(c)(1) provides that the Motion may be served, "but shall not be filed with or presented to the court unless, within 21 days after service of the motion, . . . the challenged [pleading] is not withdrawn or appropriately corrected." The face of the stricken pleadings discloses that they were filed at the same time they were served. A party seeking relief under Rule 11, or any of the Rules of this Court, must itself rigorously comply with the requirements of the Rules, particularly where the other party is appearing pro se.

JMM