UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN ANDREW HODGSON,

Plaintiff,

v.

CHRISTINE HODGSON, KEVIN HODGSON, MARTHA HODGSON LEE, TERESA HODGSON, DEBORAH A. BUSHNELL, JOHN DOE, JANE DOE,

Defendants.

CIVIL NO. 00-2102 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter is before the undersigned upon Defendants' Motions to Dismiss the Complaint [Docket Nos. 10 and 21] and Plaintiff's Motions "to Dismiss Defendants' Motion to Dismiss" [Docket No. 24], and for Default Judgment [Docket No. 29]. Plaintiff appears pro se; Richard W. Huffman, Esq. appears on behalf of Defendants. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). The Motions were submitted on the papers.

Upon the following Findings of Fact/Report, it is recommended that the Complaint be dismissed without prejudice.

## FINDINGS OF FACT/REPORT

### Procedural Background

Plaintiff is a Minnesota resident currently incarcerated at the Minnesota Correctional Facility in Stillwater, serving a life sentence for murder. [Docket No. 21, Attach. B]. Defendants are four of Plaintiff's eight siblings, and a Florida attorney. A

FILED MAY 0 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

provision of the "will and trust" of Plaintiff's and Defendants' parents states that "if Plaintiff does not win his freedom from prison they [Defendants] will receive portions of plaintiff's estimated $200,000 inheritance." [Complaint, Docket No. 1, ¶ 12]. The dispute between Plaintiff and Defendants has to do with their respective efforts to gain title to assets from their deceased parents. Jurisdiction in this Court is predicated upon the alleged diversity of citizenship between Plaintiff and all of the named defendants.

Plaintiff filed his Complaint on September 11, 2000. [Docket No. 1]. Defendants filed their first Motion to Dismiss the Complaint on January 8, 2001 as part of the Motion bearing Docket No. 10. However the Motion was not supported by legal authority or affidavit. On February 7, 2001, Defendants filed another Motion to Dismiss Under Rule 12(b)(1) for lack of subject matter jurisdiction; 12(b)(6) for failure to state a claim upon which relief can be granted; and 12(b)(7) failure to join a party under Rule 19. This Motion was accompanied by a Supporting Memorandum, [Docket Nos. 21 and 22], however, Defendants' arguments were "terse and generalized," and failed to specify which claims should be dismissed if their argument prevailed. See Order, March 9, 2001 [Docket No. 27]. Defendants then filed a Reply [Docket No. 28] which also does not appear comprehensive.

Plaintiff responded to Defendants' Motion with a pleading captioned as a "Notice and Motion to Dismiss Defendant's Rule 12 Motion and Motion for Sanctions." [Docket No. 24]. The relief sought in Plaintiff's "Motion" is denial of Defendants' Motion to Dismiss, thus we treat Plaintiff's pleading as a Response to Defendants' Motion to Dismiss.

## Discussion

### I. Plaintiff is Not Entitled to Default Judgment

On April 17, 2001, Plaintiff filed a Motion for Default Judgment against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, [Docket No. 30], on the grounds that "defendants have failed to serve upon the plaintiff any answer or affirmative defense to plaintiff's summons and complaint, within 20 days of personal service." [Docket No. 30, ¶ 10]. Plaintiff misunderstands Defendants obligations under the Federal Rules. Rule 12 states that a Defendant shall answer a complaint within 20 days of being served. See FED. R. CIV. P. 12(a). However, the Rule allows a Defendant to make the affirmative defenses listed under 12(b) by motion before pleading instead of filing an answer to the Complaint. See FED. R. CIV. P. 12(b).

Defendants filed a timely Motion to Dismiss the Complaint pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. Defendants have clearly complied with the Federal Rules of Civil Procedure. Plaintiff does not have the guidance of counsel in this matter, nonetheless, Plaintiff's pro se status does not entitle him to disregard the Federal Rules of Civil Procedure. See Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993)(pro se prisoner plaintiff is subject to Rule 11 requirement to make reasonable inquiry that pleading is not frivolous). Sanctions were not sought by Defendants, and thus are waived.

### II. Plaintiff Has Not Complied with Rule 8 of the Federal Rules of Civil Procedure

Rule 8(a) requires that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(e) requires that "each averment of a pleading shall be simple, concise, and direct." Id. Neither standard is met by the Complaint.

We recognize that Rule 8(f) of the Federal Rules of Civil Procedure requires the courts to construe pleadings so as to do substantial justice, see Quality Mercury, Inc. v. Ford Motor Co., 542 F.2d 466 (8th Cir.1976) and that pro se parties are held to less stringent pleading standards than those represented by counsel. See Cruz v. Cardwell, 486 F.2d 550, 552 (8th Cir. 1973). We also recognize that pleadings under the Federal Rules are designed to give the opposing party fair notice of the claim asserted. See Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson County, Mo., 747 F.2d 1195, 1197 (8th Cir. 1984)(citing Oglala Sioux Tribe of Indians v. Andrus, 603 F.2d 707, 714 (8th Cir.1979); FED.R.CIV.P. 8(a); 2A J. Moore, Moore's Federal Practice ¶ 8.13, at 8-103 (1984)). The Complaint in this case fails to comply with the requirements of Rule 8.

The Eighth Circuit has stated that a complaint should be dismissed for failure to comply with Rule 8(a) where "it is impossible for any party or court to understand plaintiff's alleged claim or damage" and "no responsive pleading could intelligently be filed by defendants." Koll v. Wayzata State Bank, 397 F.2d 124, 126 (8th Cir. 1968); Wallach v. City of Pagedale, Missouri, 359 F.2d 57, 58 (8th Cir. 1966); see also Goodroad v. Hjorth, 124 F.3d 207, 207 (8th Cir. 1997)(unpublished opinion)(complaint dismissed for failure to comply with Rule 8(a) where factual allegations surrounding alleged violations were "vague, muddled and conclusory"). Even where a plaintiff is pro se, "defendants are entitled to know from the pleading the extent of the claim against them and its precise nature." See Wallach, 359 F.2d at 58.

We conclude that compliance with the rules of pleading must be required in this case. "The permissive interpretation of the Rules imposes costs upon litigants, who are subjected to lengthy pretrial discovery, disruption and attorneys' fees in cases of doubtful merit. Courts have become sensitive to the cost to litigants that is imposed by the

mere existence of the litigation and the threat of discovery. There is also a cost to the system, because parties with fanciful or unprovable claims, if not encouraged, at least are not deterred from commencing litigation in hope of a recovery by way of settlement. If settlement may be compelled in 'strike suits', it encourages more such suits, and invites disrespect for the judicial process." In re Buffets, Inc. Securities Litigation, 906 F.Supp. 1293, 1296 (D.Minn.1995).

The initial portion of the Complaint complies with pleading rules. Paragraphs 1 and 2 allege that this Court has jurisdiction based on diversity of citizenship between Plaintiff and all named Defendants. Paragraphs 3 through 9 identify the parties.

After these preliminary paragraphs, the Complaint loses its organization and becomes a hodge-podge of allegations, peppered with legal terminology, in the apparent hope that it may be construed to state some claim against Defendants. Paragraphs 10 through 27 appear under the subheading "Facts" and contain a muddled narrative of actions allegedly taken by Defendants concerning the estate and trust of Plaintiff's and Defendants' parents. A number of the items which Plaintiff refers to as "facts" are not alleged as facts at all, but rather, contain Plaintiff's unfounded theories and conjectures about Defendants' actions. For example, Plaintiff states that he began a legal challenge in an unspecified court, "upon finding that there *may* be forged and invalid documents within the estate's legal papers." ¶ 13 (emphasis added). He further states that Defendants Kevin Hodgson and Deborah Bushnell committed forgery on the basis that they "*may* have in fact already forged and filed papers allegedly containing plaintiff's signature." ¶ 27 (emphasis added). Noticeably absent from the Complaint are any dates or places where the alleged acts occurred, as well as the names of judges and jurisdictions hearing

Plaintiff's legal challenges which are supposedly being obstructed by Defendants. Nor does Plaintiff specify the precise property or monetary interest in his parent's estate which he claims is at stake.

Then under the caption "Claims for Relief" are found five numbered paragraphs, 28 through 32. In these paragraphs, Plaintiff apparently seeks to comply with the requirements of Rule 10(b) of the Federal Rules of Civil Procedure by stating each claim founded on a separate transaction into separate counts. However, it is not possible to discern from the Complaint which "Facts" purport to relate to which "Claims for Relief" or on what legal grounds Plaintiff relies for his relief. Plaintiff's five claims for relief are followed by the caption "Prayer for Relief" containing paragraphs A, B, C, D, D [sic] and F. Plaintiff seeks declaratory and injunctive relief, as well as compensatory, exemplary, and punitive damages totaling $500,000.00. Yet it is impossible to discern from his pleading which "Prayer for Relief" is alleged to follow from which legal claim and which factual allegations support the amount Plaintiff requests in damages.

Among the difficulties in comprehending Plaintiff's Complaint is that Plaintiff's Claims for Relief all rely on alleged violations of Minnesota criminal statutes, none of which create a private right of action.[1] "A criminal statute gives rise to a civil cause of action only if it appears by express terms or clear implication to have been the legislative intent." H.J., Inc. v. Northwestern Bell Corp., 420 N.W.2d 673, 675 (Minn. App. 1988)(citing Jeffers v.

---

1

Plaintiff alleges that Defendants committed the following Minnesota crimes: Attempt to Commit a Crime, Minn. Stat. § 609.17; Conspiracy, Minn. Stat. § 609.175; Obstructing Legal Process, Minn. Stat. § 609.50; Criminal Defamation, Minn. Stat. § 609.765; Theft, Minn. Stat. § 609.52; Attempt to Coerce, Minn. Stat. § 609.64; Recording, Filing a Forged Instrument, Minn. Stat. § 609.64. [Docket No. 1, ¶¶ 28-32].

Convoy Co., 636 F.Supp. 1337 (D.Minn.1986) (holding no private cause of action exists under Minn. Stat. § 181.76 because its express terms do not so provide). None of the statutes cited expressly or impliedly give rise to a private right of action.

Construing his pro se pleading liberally, it is apparent that Plaintiff is attempting to assert private causes of action based on some theory in tort. He peppers his Complaint based on criminal statutes with the words "tort," "violation" and "conspiracy to commit a tort." But it is impossible to discern from the Complaint precisely what tort claims he seeks to assert. Defendants should not be required to mount a defense against such imprecise claims.

Plaintiff's failure to comply with Rule 8 also frustrates the Court's ability to make determinations in this matter. For example, Defendants argue for dismissal under Rule 12(b)(6) for failure to state a claim. Where the Complaint fails to comply with Rule 8, it is impossible for this Court to determine whether Plaintiff has a claim against Defendants. By forcing Plaintiff to comply with the requirements of Rule 8 it will be more readily apparent to Defendants, as well as the Court, whether Plaintiff can set forth a claim that survives Defendants' Rule 12 Motions.

Defendants also argue for dismissal under Rule 12(b)(7) on the grounds that Plaintiff has failed to join indispensable parties. Defendants assert that the Trust itself and four other Hodgson siblings who are beneficiaries of the Trust should have been named as parties since "any decision relating to the presently named Defendants would have material legal impact and consequences to the unnamed defendants." [Docket No. 22, p. 5-6]. Defendants do not provide the Court with any further explanation as to why these

unnamed defendants are indispensable, nor what consequences should follow from this finding. Their argument could have been, perhaps, that if the named siblings are proper defendants, the unnamed siblings are likewise proper defendants; and if the unnamed siblings are Minnesota residents, joinder would destroy complete diversity of citizenship, thereby depriving this Court of jurisdiction over the matter. Plaintiff's failure to comply with Rule 8 and articulate the precise claims against the named Defendants, combined with Defendants' failure to fully articulate the basis of this part of their Motion, makes it impossible to determine whether indispensable parties are absent.

Defendants argue at length that Plaintiff's claims have been raised and decided in another jurisdiction. (Defendants say a proceeding is underway in Pinellas County Probate Court in Florida under File No. 99-3572-ES-3). The narrative in Defendants' memorandum, makes it appear that Defendants may seek to rely upon the Rooker-Feldman doctrine, although they do not cite that authority nor any related authority. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). Under Rooker-Feldman, if a Florida court has decided the same claims Plaintiff attempts to raise in his Complaint, this Court cannot provide relief to Plaintiff without vacating the Order issued by the Florida court. "The Rooker-Feldman doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995). The present state of the pleadings presented by the parties does not afford the Court with sufficient information from which to form a final conclusion as to this issue, if indeed it is presented at all.

We are skeptical that Plaintiff's grievance with Defendants is an issue over which this Court will have jurisdiction. However, since our decision is grounded on the provisions of Rule 8, and since Defendants' response is also not altogether clear, we recommend that the Complaint be dismissed without prejudice. This will afford to Plaintiff the opportunity, if appropriate, to serve and file a new Complaint which complies in all respects with the Rules of Civil Procedure. If Plaintiff should elect to do so, Defendants will then be able to respond in a more comprehensive and substantive manner to the allegations. If Plaintiff does elect to serve and file a new Complaint, this recommendation is also without prejudice to the right of Defendants to follow the procedures of Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure, if appropriate.

**RECOMMENDATION**

For the reasons set forth above, it is recommended as follows:

1. Plaintiff's Motion for Default Judgment [Docket No. 29] should be denied.

2. Defendants' Motion to Dismiss the Complaint [Docket No. 10 and 21] should be granted, Plaintiff's "Motion to Dismiss Defendants' Motion to Dismiss" [Docket No. 24] should be denied, and the Complaint should be dismissed without prejudice.

Dated: May 2, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 17, 2001** written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.